IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, NEW YORK UNIVERSITY, GALDERMA LABORATORIES INC., and GALDERMA LABORATORIES, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS, L.P., <br><br> Defendant. | C.A. No. 09-184 GMS-LPS |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**RECOMMENDATION ABSENT TIMELY OBJECTION**

This Order is issued upon consideration of the Report and Recommendation of United States Magistrate Judge Leonard P. Stark, issued on May 12, 2010, and upon the expiration of the time allowed for objections pursuant to Rule 72 of the Federal Rules of Civil Procedure with no objection having been received.

Accordingly, IT IS this 24th day of June, 2010, by the United States District Court for the District of Delaware, ORDERED that:

1. Magistrate Judge Stark's Report and Recommendation (D.I. 134) BE, and the same hereby IS, ADOPTED.

It is further ORDERED, ADJUDGED and DECREED that, as used in the asserted claims of United States Patent Nos. 7,232,572, 7,211,267, 5,789,395, and 5,919,775:

1. The term "tetracycline compound" is construed to mean "a compound within the class of which tetracycline is the parent compound and is characterized by a unique four-ring structure."

2. The term "antibiotic tetracycline compound" is construed to mean "a compound having antibiotic activity within the class of which tetracycline is the parent compound and is characterized by a unique four-ring structure."

3. The term "the tetracycline compound has substantially no anti-microbial activity" is construed to mean "the tetracycline compound has been modified chemically to reduce or eliminate its antibacterial activity, or the tetracycline compound possesses antibacterial activity but is employed in an amount which has substantially no antibacterial effect."

4. The term "minimum antibiotic serum concentration" is construed to mean "the lowest concentration known to exert a significant antibiotic effect."

5. The term "chronic inflammatory condition" is construed to mean "an inflammatory condition lasting for days to weeks or longer, and is associated histologically with the presence of lymphocytes and macrophages and with proliferation of blood vessels and connective tissue."

6. The term "a condition characterized by increased [endogenous] nitric acid production" is construed to mean "a disease or condition which may be linked to the increased endogenous production of nitric oxide by inducible nitric oxide synthase by cells such as leukocytes (e.g., neutrophils and macrophages) and other cells."

7. The term "a condition characterized by an abnormally high level of activity of inducible nitric oxide synthase" is construed as "a disease or condition which may be linked to the increased endogenous production of nitric oxide substantially over usual levels by inducible nitric oxide synthase by cells such as leukocytes (e.g., neutrophils and macrophages) and other cells."

8. The term "a medical condition characterized by excess endogenous production of nitric oxide" is construed to mean "a disease or condition which may be linked normally or abnormally increased endogenous production of nitric oxide by inducible nitric oxide synthase by cells such as leukocytes (e.g., neutrophils and macrophages) and other cells."

9. The terms "the antibacterial effective amount" and "the antibiotic amount" are construed to mean "an amount that significantly inhibits the growth of microorganisms, e.g., bacteria."

10. The term "sub-antibacterial amount" is construed to mean "an amount that does not significantly inhibit the growth of microorganisms, e.g., bacteria."

11. The term "an amount that . . . has substantially no antibiotic activity" is construed to mean "an amount that is effective to treat the papules and pustules of rosacea but does not significantly inhibit the growth of microorganisms, e.g., bacteria."

_____
CHIEF, UNITED STATES DISTRICT JUDGE